## Federal Kemper Insurance Co. v. Lehman

*Karen S. Cooney,* for plaintiff.
*David H. Rosenberg,* for defendant.

QUIGLEY, *J.,* July 26, 1991—On October 1, 1988, Elizabeth Lehman was injured in a motor vehicle accident while a passenger in a vehicle operated by Jody L. Bridge. On the date of the accident, Jody L. Bridge had liability insurance with North River Insurance Company. North River Insurance Company paid its bodily injury limits of $100,000 to Elizabeth Lehman following the accident.

At the time of the accident, Elizabeth Lehman and Henry E. Lehman were insured under an automobile policy bearing policy no. RZ0079267 issued by Federal Kemper Insurance Company. The policy issued by Federal Kemper provided underinsurance coverage with limits of $100,000 per person or $300,000 per accident.

Elizabeth Lehman notified Federal Kemper that she was claiming underinsurance motorists's bene-

fits under the policy. The policy contains a set-off provision which provides in pertinent part:

"A. If *bodily injury* is sustained in an accident by you or any *family member:* . . . The maximum limit of liability is the most you will pay regardless of the number of: (1) *insureds;* (2) claims made; (3) vehicles or premiums shown in the declarations; or (4) vehicles involved in the accident.

"B. However, the limit of liability shall be reduced by all sums paid because of the *bodily injury* by or on behalf of persons or organizations who may be legally responsible."

On August 9, 1990, plaintiff Federal Kemper filed a declaratory judgment action pursuant to 42 Pa.C.S. §7537 requesting that this court declare this set-off provision as valid and enforceable. On September 17, 1990, defendants Elizabeth Lehman and Henry E. Lehman filed their answer with new matter. Plaintiff filed its reply to new matter on October 2, 1990. Plaintiff then filed a motion for summary judgment on November 9, 1990. Defendants filed a reply to the motion for summary judgment on November 26, 1990. That same day defendants also filed a motion for judgment on the pleadings. It is these motions that this court now considers.

Two issues have been presented for consideration. First, are there any genuine issues of fact and second, should the set-off provision be enforced. Each of these issues will be addressed below.

The only suggested issue of fact is whether the insurance policy provided by plaintiff is a true and correct copy of the policy issued to defendant Henry E. Lehman. There is a properly notarized affidavit attached to the policy which was executed by the vice president of underwriting at Federal Kemper certifying that the policy was "true and exact copy

of the policy enforced on October 1, 1988." It is determined that no genuine issue of fact exists.

Resolving the second issue is a more difficult task. The appellate courts of this jurisdiction have not yet ruled on this issue. However, it has been addressed by the Court of Common Pleas of Blair County in *Conrad v. Progressive Casualty Insurance Company,* 48 D.&C. 3d 71 (1987), and the Court of Common Pleas of Washington County in *Estate of White v. Westfield Insurance Company and Erie Insurance Company,* term no. 2060 of 1986. This court concurs with the opinions in those cases.

In order to determine whether an underinsured motorist carrier will be permitted a set-off against its limits of coverage, the statutory definition of an underinsured motor vehicle must be examined. Section 1702 of the Financial Responsibility Law defines underinsurance as coverage required to reimburse the injured insured for all "losses and damages" sustained in an accident. It is this court's opinion that this statutory definition clearly places Pennsylvania with those states said to be "excess" states.

"In situations where 'excess' coverage exists, the tortfeasor is underinsured when the tortfeasor's liability limits are less than the insured's total damages. Determining recovery, the tortfeasor's liability policy acts as primary coverage, and the insured's underinsured motorist's policy acts as secondary coverage. Total recovery is limited only by the extent of the insured's total damages. This is known as 'excess' coverage because the underinsurance is excess over the tortfeasor's liability policy." *Conrad,* supra at 74.

The appellate opinions on which the plaintiff bases its argument are not controlling on this matter. They were decided under the Pennsylvania No-

Fault Motor Vehicle Act, 40 P.S. §20000 et seq. and not the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., as is the case now before us. Therefore, the courts there did not consider the legislative and policy implications of the Pennsylvania Financial Responsibility Law.

In view of the foregoing, we conclude that plaintiff's interpretation of the statute is incorrect and that the defendants are correct when they assert that the off-set provision in the insurance policy is void, as it is contrary to public policy. Therefore, plaintiff's motion for summary judgment is denied and defendants' motion for judgment on the pleadings is granted.

## ORDER

And now, July 26, 1991, in accordance with the within memorandum, the court finding no genuine issue of fact, and finding Pennsylvania to be an "excess" state, it is directed that the off-set provision in plaintiff's insurance policy is void and plaintiff's motion for summary judgment is denied. Defendant's motion for judgment on the pleadings is granted.